IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

BAHAR M.,

                          Plaintiff,

            v.                                          Civil Action No.
                                                        6:19-CV-1471 (DEP)

COMMISSIONER OF SOCIAL SECURITY,


                          Defendant.

_____

APPEARANCES:                              OF COUNSEL:

FOR PLAINTIFF

LEGAL AID SOCIETY OF                      ELIZABETH V. KRUPER, ESQ.
 OF MID-NEW YORK, INC.
221 S. Warren St., Suite 310
Syracuse, NY 13202

FOR DEFENDANT

HON. ANTOINETTE BACON                     LUIS PERE, ESQ.
Acting United States Attorney             Special Assistant U.S. Attorney
for the Northern District of New York
P.O. Box 7198
100 S. Clinton Street
Syracuse, NY 13261-7198


DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

ORDER

       Currently pending before the court in this action, in which plaintiff

seeks judicial review of an adverse administrative determination by the Commissioner of Social Security ("Commissioner"), pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), are cross-motions for judgment on the pleadings.[1] Oral argument was conducted in connection with those motions on February 11, 2021, during a telephone conference held on the record. At the close of argument, I issued a bench decision in which, after applying the requisite deferential review standard, I found that the Commissioner's determination did not result from the application of proper legal principles and is not supported by substantial evidence, providing further detail regarding my reasoning and addressing the specific issues raised by the plaintiff in this appeal.

After due deliberation, and based upon the court's oral bench decision, a transcript of which is attached and incorporated herein by reference, it is hereby

ORDERED, as follows:

1)    Plaintiff's motion for judgment on the pleadings is GRANTED.

2)    The Commissioner's determination that plaintiff was not

---

[1]    This matter, which is before me on consent of the parties pursuant to 28 U.S.C. § 636(c), has been treated in accordance with the procedures set forth in General Order No. 18. Under that General Order once issue has been joined, an action such as this is considered procedurally, as if cross-motions for judgment on the pleadings had been filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

disabled at the relevant times, and thus is not entitled to benefits under the

Social Security Act, is VACATED.

3)      The matter is hereby REMANDED to the Commissioner,

without a directed finding of disability, for further proceedings consistent

with this determination.

4)      The clerk is respectfully directed to enter judgment, based

upon this determination, remanding the matter to the Commissioner

pursuant to sentence four of 42 U.S.C. § 405(g) and closing this case.

David E. Peebles
U.S. Magistrate Judge

Dated:      February 18, 2021
            Syracuse, NY

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-----------------------------------------------------x
BAHAR M.,

                                         Plaintiff,

-v-                                      6:19-CV-1471

COMMISSIONER OF SOCIAL SECURITY,

                                         Defendant.
-----------------------------------------------------x

**TRANSCRIPT OF PROCEEDINGS**
**BEFORE THE HONORABLE DAVID E. PEEBLES**
February 11, 2021
100 South Clinton Street, Syracuse, New York


For the Plaintiff:
(Appearance by telephone)

     LEGAL AID SOCIETY OF MID-NEW YORK, INC.
     221 South Warren Street
     Suite 310
     Syracuse, New York 13202
     BY:  **ELIZABETH V. KRUPAR, ESQ.**

For the Defendant:
(Appearance by telephone)

     SOCIAL SECURITY ADMINISTRATION
     J.F.K. Federal Building, Room 625
     15 New Sudbury Street
     Boston, Massachusetts 02203
     BY:  **LUIS PERE, ESQ.**




*Hannah F. Cavanaugh, RPR, CRR, CSR, NYACR, NYRCR*
*Official United States Court Reporter*
*100 South Clinton Street*
*Syracuse, New York 13261-7367*
*(315) 234-8545*

1          (The Court and all counsel present by telephone.

2   Time noted:  11:24 a.m.)

3          THE COURT:  Let me begin by thanking counsel for

4   excellent presentations.  The issues raised in this case are

5   interesting and slightly different from some that the Court

6   faces in these types of challenges.

7          I have before me a challenge by the plaintiff to the

8   determination of the Commissioner of Social Security that

9   plaintiff was not disabled at the relevant times and therefore

10  ineligible for the benefits sought.  The challenge is brought

11  pursuant to 42, United States Code, Sections 405(g) and 1383(c).

12         The background is as follows:  Plaintiff was born in

13  July of 1967.  She is currently 53 years of age.  She stands

14  5'1" -- between 5'1" and 5'4" in height depending upon the point

15  in the Administrative Transcript that you refer to, and has

16  weighed at various times between 154 to 165 pounds.  Plaintiff

17  is divorced and lives in an apartment in Utica, New York with a

18  daughter who is now 18 years of age.

19         Plaintiff attended regular classes while in school

20  and has four years of college education all in Iraq.  Plaintiff

21  is currently attending Mohawk Valley Community College and

22  pursuing a criminal justice Associate's degree.  She reports she

23  receives As and Bs.  She attends class one hour per day Monday,

24  Wednesday, and Friday and three hours on Tuesdays and Thursdays.

25  Plaintiff is right-handed.  She has a driver's license, but

1   testified that she only drives on a limited basis.  It appears

2   that she has been involved in more than one motor vehicle

3   accident.  Plaintiff is able to take public transportation.

4           Plaintiff last worked in June of 2014, although her

5   last significant work was in 2012.  While working, she served as

6   an interpreter for the United States Army interpreting primarily

7   conversations and oral statements into English or from English

8   to Arabic.  She also was a news television employee in Iraq.

9   After coming to the United States, she worked from 2010 to 2012

10  in Austin, Texas at a Goodwill location as a clothes sorter.

11  She has also been a substitute teacher.

12          Plaintiff suffers from several physical impairments

13  including migraines, neck pain, lower back pain, leg pain, a

14  foot issue, hypertension, carpal tunnel syndrome of the left

15  hand -- although she has refused surgery for that condition -- a

16  left shoulder issue which surgery has been postponed for, and a

17  loss of high frequency hearing based upon testing that occurred

18  in January of 2018.

19          Mentally, she suffers from major depressive disorder

20  without psychotic features, anxiety, and depression.  She has no

21  hospitalization or significant mental health treatment.

22  Plaintiff's primary treatment provider, at least since March of

23  2014, is Dr. Naji El-Khoury.  For her foot issues, she has seen

24  Dr. Lev Goldiner and Christopher Powers.  She has seen

25  Physician's Assistant Heidi Roloson.  She had a benign cyst

BAHAR M. v. COMMISSIONER OF SOCIAL SECURITY                4

1   removed in May of 2016 by Dr. Dennis Blom.  She has seen Dr.

2   Ahmed Shatla, a neurologist.  Since June of 2013, she has seen

3   Dr. Deep Bharaj and Dr. John Sullivan.

4          Plaintiff's activities of daily living include the

5   ability to groom, dress, bathe, shop with her daughter, wash

6   dishes, do some cooking.  She likes to read and watch

7   television.

8          Plaintiff has been prescribed various medications

9   including Cyclobenzaprine, Morphine, Naproxen, Paroxetine,

10  Topamax, Neurontin, Flexeril, Verapamil, Omeprazole, Paxil,

11  Cymbalta, and Imitrex.  And I omitted when I -- oh, I did say

12  migraines.  I'm sorry.

13         Procedurally, plaintiff applied for Title XVI

14  benefits in August of 2015 alleging an onset date of June 1,

15  2012, and claiming disability based on migraines, a left

16  shoulder injury, and a disc in the neck injury.  A hearing was

17  conducted on September 14, 2017, by Administrative Law Judge

18  Roxanne Fuller.  That came after two prior hearing dates, both

19  of which were adjourned in order to permit plaintiff to obtain

20  representation.  ALJ Fuller issued a partially favorable

21  decision on November 28, 2017, finding that plaintiff was

22  disabled effective when she turned 50 on July -- in July of 2017

23  pursuant to Medical Vocational Guideline or Grid Rule 201.14.

24  On January 16, 2018, the Social Security Administration Appeals

25  Council issued a notice that it had reviewed, or was reviewing,

1  the determination.  On May 3, 2018, the Appeals Council issued

2  an order of remand with directions to address several issues

3  that were found to be deficient in the Administrative Law

4  Judge's determination.  A subsequent hearing was conducted on

5  October 11, 2018, by Administrative Law Judge Jennifer Gale

6  Smith.  The ALJ issued a fully unfavorable decision on

7  November 26, 2018.  That became a final determination of the

8  agency on October 17, 2019, when the Appeals Council denied

9  plaintiff's application for a review.  This action was commenced

10  on November 25, 2019, and is timely.

11         In her decision, the Administrative Law Judge applied

12  the familiar five-step sequential test for determining

13  disability.  She found initially that plaintiff had not engaged

14  in substantial gainful activity since the date of her

15  application on August 24, 2015.

16         At step two, she concluded that plaintiff suffers

17  from severe impairments that impose more than minimal

18  limitations on her ability to perform work functions, including

19  cervical spine disorder, lumbar spine disorder, bilateral

20  shoulder disorder, plantar fasciitis, left carpal tunnel

21  disorder, left knee disorder, migraine headaches, depressive

22  disorder, and anxiety disorder.

23         At step three, Administrative Law Judge Smith

24  concluded that plaintiff's conditions do not meet or medically

25  equal any of the listed presumptively disabling conditions set

1   forth in the Commissioner's regulations, specifically

2   considering listings 1.02, 1.04, 11.14, 12.04, and 12.06.

3        ALJ Smith next concluded that plaintiff retains the

4   residual functional capacity, or RFC, to perform sedentary work

5   with additional limitations addressing both her physical and her

6   mental impairments.  When it comes to hearing, which was one of

7   the key issues raised by the plaintiff in this case, the

8   residual functional capacity provides, quote, the claimant can

9   tolerate no more than moderate levels of noise as defined in

10  Appendix D of the Selected Characteristics of Occupations, 1993

11  edition, closed quote.

12       At step four, the Administrative Law Judge concluded

13  that plaintiff is capable of performing her past relevant work

14  as an interpreter/translator pursuant to testimony given by the

15  vocational expert and, therefore, concluded that plaintiff was

16  not disabled and found no need to proceed to step five of the

17  sequential analysis.

18       The Court's function in this case is to determine

19  whether correct legal principles were applied and the resulting

20  determination is supported by substantial evidence, which is

21  defined as such relevant evidence as a reasonable mind would

22  accept to support a conclusion.  The Second Circuit Court of

23  Appeals noted that this is a stringent test, it is highly

24  deferential.  That was noted in many cases, including *Brault v.*

25  *Social Security Administration Commissioner,* 683 F.3d 443, from

1   2012.

2           The plaintiff has raised four basic contentions in

3   support of her challenge to the Commissioner's determination,

4   the first is the failure to reference and accommodate her

5   hearing impairment, and woven into that or subsumed into that is

6   the contention that the vocational expert and the ALJ both used

7   incorrect DOT information and mischaracterized the nature of her

8   prior work as an interpreter/translator; secondly, the plaintiff

9   contends that the treating source rule was violated and that Dr.

10  El-Khoury's opinions were not properly weighed and given

11  controlling weight in this case; the third argument is that

12  plaintiff's subjective complaints were improperly evaluated,

13  what we previously referred to as the credibility analysis; and

14  fourth, she contends there was a conflict in the vocational

15  expert's testimony between the testimony and the Dictionary of

16  Occupational Titles that went unresolved and therefore requires

17  a remand.

18          Addressing the first argument, the hearing loss

19  argument, on January 11, 2018, a hearing test was conducted.  It

20  was found that there was a moderate to profound high frequency

21  sensorineural loss.  The results appear at 1124 to 1125 of the

22  Administrative Transcript.  The notation also is that plaintiff

23  qualifies for bilateral hearing aids.  The Administrative Law

24  Judge did not discuss or refer to the hearing result.  As the

25  Commissioner argues, clearly there is no duty to discuss every

 1   piece of evidence and it is also true that it is plaintiff's

 2   burden to show limitations and it is -- it is not sufficient to

 3   show a diagnosed impairment to carry that burden.

 4         It is clear to the Court that the vocational expert

 5   and the Administrative Law Judge did misclassify plaintiff's

 6   prior job.  From the testimony of what she did, it appears clear

 7   that it should have been analyzed under DOT 137.267-010,

 8   entitled interpreter.  The description of that position states,

 9   in relevant part, translates spoken passages from one language

10   into another.  From the testimony, it's relatively clear that

11   this is exactly what the plaintiff did in her prior work in Iraq

12   for the United States Army.  Significantly, that DOT section,

13   when it addresses hearing, states, constant-exists two-thirds or

14   more of the time.

15         So in plaintiff's position, one of the four elements

16   would appear to be the ability to hear and to be able to

17   translate spoken words.  In the Court's view, I understand

18   defendant's argument that plaintiff initially did not claim

19   hearing loss as -- either initially or in her hearing as a basis

20   for disability, and I also agree that there are -- many, many

21   treatment notes from Dr. El-Khoury finding no hearing loss,

22   including one from July of 2018 which postdates the hearing

23   test.  Nonetheless, in my view, the Administrative Law Judge

24   should have discussed this and should have explained why there

25   was no limitation in the residual functional capacity and

1    present it to a vocational expert as to whether this would

2    impair the plaintiff's ability to perform her past relevant

3    work.

4          I understand the argument that the limitation to

5    moderate levels of noise addresses this, but I don't accept it.

6    I don't see how moderate levels of noise is sufficient to

7    address a hearing loss and a potential inability to perform the

8    past relevant work as a interpreter, so I do find error at the

9    step four determination that plaintiff is capable of performing

10   her past relevant work, and the failure to address and discuss

11   the hearing loss reflected in the January 2018 testing, and so I

12   am going to vacate the Commissioner's determination and order a

13   remand to address this specific issue, including whether

14   additional testing and/or a consultative expert opinion should

15   be elicited.

16         And I will add that although I don't foreclose the

17   submission of the Equal Access to Justice Act petition for fees,

18   I would in all likelihood find that the Commissioner's position

19   in this case was substantially justified.  I found it to be a

20   very close case and I went back and forth, candidly, with regard

21   to this issue, but in the end, I think it is so central -- the

22   ability to hear is so central to the job that the plaintiff

23   performed and it was the -- was pivotal to the finding of no

24   disability that I think the hearing test should have been

25   discussed and potentially a limitation in the residual

1    functional capacity should have resulted, so I will grant

2    judgment on the pleadings to the plaintiff.  I don't find any

3    persuasive evidence of disability and so the remand will be

4    without a directed finding of disability.

5              As previously stated, thank you both for excellent

6    presentations and I hope you stay safe in this challenging

7    environment.

8              MS. KRUPER:  Thank you, your Honor.

9              MR. PERE:  Thank you, your Honor.

10             (Time noted:  11:41 a.m.)

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1

2

3                    CERTIFICATE OF OFFICIAL REPORTER

4

5

6              I, HANNAH F. CAVANAUGH, RPR, CRR, CSR, NYACR,

7    NYRCR, Official U.S. Court Reporter, in and for the United

8    States District Court for the Northern District of New York, DO

9    HEREBY CERTIFY that pursuant to Section 753, Title 28, United

10   States Code, that the foregoing is a true and correct transcript

11   of the stenographically reported proceedings held in the

12   above-entitled matter and that the transcript page format is in

13   conformance with the regulations of the Judicial Conference of

14   the United States.

15

16              Dated this 16th day of February, 2021.

17

18              s/ Hannah F. Cavanaugh_____

19              HANNAH F. CAVANAUGH, RPR, CRR, CSR, NYACR, NYRCR

20              Official U.S. Court Reporter

21

22

23

24

25